Frank S. McCullough, J.
An application was made for the continued retention of William Patterson, a patient at Rockland State Hospital, by the Director of said institution. The patient requested a hearing which was held before this court.
The patient was represented by an attorney from the Legal Aid Society of Rockland County who made an application on his behalf for the appointment of an independent psychiatrist. The court granted said application, but at the return date of the hearing, when offered an adjournment for the purpose of examination by an independent psychiatrist, the patient advised the court that he did not wish to avail himself of the services of a court-appointed psychiatrist, and chose instead to proceed with the hearing.
A staff psychiatrist testified on behalf of the hospital. He stated that in his opinion the patient was mentally ill and should be retained in the hospital for further treatment. However, the testimony of said psychiatrist consisted largely of conclusory statements. Said psychiatrist stated that the patient evidenced a certain hostility because he felt that his rights were being violated, and that he was not mentally ill, and further that the patient refused to take tranquilizing medication because on the one occasion when a tranquilizer was administered to him he allegedly became ill. The court notes that hostility and resentment by one confined against his will are not necessarily abnormal behavior.
The patient testified in his own behalf and described with substantial clarity his personal history, including his most recent *731 occupation as poetry director of the Black Arts Theatre, which has been the center of considerable controversy as the recipient of funds under the Federal Anti-Poverty Program,
Lay testimony was received from former associates of the patient in the theatrical profession who characterized him as a gifted person, sensitive, but not mentally ill.
The patient was apparently committed to Rockland State Hospital pursuant to an order of the New York Supreme Court, New York County, under section 872 of the Code of Criminal Procedure. Said order was based upon the patient’s arrest for possession of a loaded revolver, which charge was made in the Criminal Court of the City of New York.
The determination to be made by this court must, of necessity rest largely on the medical proof adduced. This court finds particularly applicable the eloquent comments by Judge Bergah in his dissenting opinion in People eco rel. Rogers v. Stanley (17 N Y 2d 256, 260, 262):
‘ ‘ A patient is in a hospital to help him. He is there to treat his illness because in the present state of science no better way to treat him has been discovered. * * * Public opinion has not been notably tolerant of mistaken predictions by psychiatrists of the future course of mental disease by a person who has been released on medical recommendation.
“And Judges, looking with the benefit of hindsight at mistakes in diagnosis and treatment, have had a tendency to keep psychiatrists well on the safe side of recommendations. One might look, for example, at the effect of Collins v. State of New YorJc (17 N Y 2d 542) which imposed a State liability for a mistakén psychiatric judgment on the degree of protective care against suicide needed by the patient.
“It is unlikely, to say the least, if Judges undertake on an enlarged scale, as the result of adversary trials, to supervise the current diagnosis of phychiatric staffs affecting risks to be taken in the future, as distinguished from looking back at and making value judgments on past psychiatric mistakes, that they will improve things or visibly affect the liberties of patients.
“ If a reputable psychiatrist has a reservation about a patient who may in the future do damage to himself or kill his nearest friend, it will not be often that a Judge will take the risk because there is psychiatric proof before him the other way in a contested trial.”
The court also notes that in People eco rel. “ Anonymous ” v. La Burt (17 N Y 2d 738, 740) the Court of Appeals suggested:
“ If in the future the appellant sees fit to challenge the latter finding of fact he may, on the return of a writ of habeas corpus, *732 request the court to appoint a psychiatrist to testify as a medical witness on his behalf. ’ ’
While the medical proof offered by the institution in the hearing was far from conclusive, the court is faced with the fact that no other medical proof has been adduced to refute the staff psychiatrist’s testimony which, however scant, contained the statement that this patient is still mentally ill and needs further treatment.
In the interests of justice, the court directs that the patient shall be examined by an independent psychiatrist notwithstanding said patient’s prior decision to proceed without such an examination. The court directs that these proceedings be reopened for the purpose of taking the testimony of the court-appointed psychiatrist.